UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TINA JOCKISCH, | ) |
| Plaintiff, | ) Case: 4:24-cv-04112 |
| v. | ) |
| COUNTY OF KNOX, | ) |
| Defendant. | ) Jury Trial Demanded |

# COMPLAINT

Plaintiff, Tina Jockisch ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against County of Knox ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq* and the Family and Medical

Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

4. Venue of this action properly lies in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Tina Jockisch, resides in Knox County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, County of Knox, is a municipal corporation doing business in and for Knox County whose address is 1361 W Fremont St. Galesburg, IL 61401.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

12. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

13. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## BACKGROUND FACTS

14. Plaintiff was hired by Defendant as an administrative clerk on or around October 21, 2019, until being unlawfully terminated on or around April 15, 2024.

15. Plaintiff's essential job duties included but were not limited to: providing administrative support which requires understanding of processes, data, and/or operations of the department; contacting tracing program, updating supervisor of critical issues/events; providing responses to requests for information; and processing financial and/or procurement documents.

16. Plaintiff is diagnosed with multiple sclerosis, a long-term debilitating and progressive condition which requires life-long treatment and significantly limits major activities.

17. Plaintiff is "qualified individual" as defined under the ADA.

18. On or around February 5, 2024, Plaintiff scheduled an appointment with their chiropractor due to worsening pain.

19. Following this appointment, Plaintiff began to experience increasing difficulty moving their legs.

20. On or around February 5, 2024, Plaintiff went to the emergency room, where they underwent a multitude of tests to reach a diagnosis.

21. On or around February 12, 2024, Plaintiff went to work and was asked to fill out

FMLA paperwork based on their health concerns.

22. Plaintiff was approved for FMLA on or around February 14, 2024.

23. On or around March 18, 2024, Plaintiff was rushed to the hospital and remained there until April 2, 2024.

24. Plaintiff underwent magnetic resonance imaging, and positron emission tomography scanning.

25. On or around March 27, 2024, Plaintiff was officially diagnosed with progressive multiple sclerosis.

26. On or around March 27, 2024, Plaintiff promptly communicated their disability to Defendant.

27. Plaintiff was then moved to a different facility for physical therapy from April 2, 2024, through April 16, 2024.

28. Plaintiff began the first part of a two-part series regarding initial treatment.

29. On or around April 15, 2024, Plaintiff was informed their position was being eliminated, and therefore, Defendant was terminating Plaintiff's employment.

30. The reason for Plaintiff's termination was pretext to discrimination based on Plaintiff's disability.

31. Plaintiff was still on approved FMLA leave, with 22 days remaining, when they were terminated.

32. Plaintiff's condition is exacerbated by stress.

33. Shortly after being terminated, Defendant posted a job opening with the same or similar responsibilities as Plaintiff.

34. Due to their termination, Plaintiff was unable to undergo the second part of their two-part initial treat series due to loss of health insurance.

35. Plaintiff satisfactorily performed their essential functions of the job for Defendant despite their ongoing struggles with a progressive neurological disability.

36. No employees outside of Plaintiff's protected class suffered the same disparate treatment from Defendant.

37. Ultimately, on or about April 15, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

38. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

39. From the time of informing Defendant that they developed a severe and life-threatening condition and that they could not report to work up until the time of Plaintiff's termination, Defendant did not explain Plaintiff's potential rights to leave under the FMLA.

40. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff requested and used FMLA.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

50. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

52. Plaintiff is a qualified individual with a disability.

53. Defendant was aware of the disability and the need for accommodations.

54. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

55. Plaintiff's reasonable accommodations that was requested was not an undue burden

on the Defendant.

56. Defendant did not accommodate Plaintiff's disability.

57. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

60. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

61. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

62. During Plaintiff's employment with Defendant, Plaintiff requested and utilized medically necessary FLMA leave in order to accommodate her disability.

63. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

64. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and utilizing medically necessary FMLA leave, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

65. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Family and Medical Leave Act
### (FMLA Interference)

68. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

69. On October 21, 2020, Plaintiff was eligible for FMLA leave.

70. Defendant controlled Plaintiff's work schedule and conditions of employment.

71. Plaintiff requested and used leave under the FMLA.

72. Plaintiff provided enough information for their employer to know that Plaintiff's leave was covered by the FMLA.

73. Despite their knowledge of Plaintiff's medical condition and life-threatening situation, their employer interfered with Plaintiff's rights under the FMLA by terminating Plaintiff's employment while she was using FMLA leave.

74. Defendant interfered with Plaintiff's rights under the FMLA.

75. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

76. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## COUNT V
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

78. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

79. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

80. Defendant terminated Plaintiff because they requested and utilized FMLA leave as described above.

81. Specifically, Plaintiff requested FMLA leave when they explained that they had a condition that was severe or life threatening.

82. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested and utilized leave for medical reasons.

83. Plaintiff's request for and utilization of medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

84. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b.      Payment of interest on all back pay recoverable;

    c.      Front pay;

    d.      Loss of benefits;

    e.      Compensatory and punitive damages;

    f.      Reasonable attorneys' fees and costs;

    g.      Award pre-judgment interest if applicable; and

    h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of June 2024.

                                                   /s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

10